IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION



KYLE CHRISTENBERRY, M.D., et al., }
}
    Plaintiffs, }
} CIVIL ACTION NO.
v. } 03-AR-1320-M
}
TOMMY G. THOMPSON, in his }
capacity as Secretary of the }
Department of Health and }
Human Services, et al., }
}
    Defendants. }

ENTERED
AUG 29 2003

## MEMORANDUM OPINION

As a matter of academic interest, this court agrees with Judge Propst, with whom the Eleventh Circuit disagreed in *Allen v. Christenberry*, 327 F. 3d 1290 (11th Cir. 2003), insofar as Judge Propst suggested that Kyle Christenberry, M.D. and Newton Godfree, M.D. had gotten the run-around and had not received the consideration they were due from the federal bureaucrats responsible for evaluating and ruling timely and fairly upon their request that they be deemed federal employees entitled to the governance of the Federal Tort Claims Act over the malpractice case brought against them by Kathy Allen. This court now has before it Kathy Allen's motion to dismiss the above-entitled separate action brought by the said two doctors and a motion to dismiss filed by Tommy G. Thompson, in his capacity as Secretary of the Department of Health and Human Services, John Ashcroft, in his capacity as Attorney General of the United States, and Alice H. Martin, in her



capacity as United States Attorney for the Northern District of Alabama. The doctors in their complaint are asking this court to do for them what Judge Propst did not succeed in doing. The Eleventh Circuit found that Judge Propst lacked subject matter jurisdiction and ordered him to remand Kathy Allen's malpractice case to the Circuit Court of Etowah County from which it was improvidently removed. This meant, of course, that Judge Propst's expressions on the subject of the doctors' right to the protections afforded by the FTCA are stricken from the record. Therefore, the only extant expression on the question of FTCA applicability is the finding of the Circuit Court of Etowah County, in the case there pending, explained as follows by the Eleventh Circuit:

> The defendant doctors moved to dismiss the case on the ground that the state court did not have jurisdiction over the claims against them because they were federal employees whose actions in providing care and treatment to Allen were covered by the FTCA. The state court denied their motion on January 16, 1998 . . . .

327 F. 3d at 1292.

All defendants in the present case move for dismissal, arguing that the Eleventh Circuit implicitly found the FTCA not to be applicable as a matter of law, but this court does not depend upon such a finding by the Eleventh Circuit. Instead, this court depends upon the concepts of comity and federalism. This court is not authorized to overrule a ruling of the Circuit Court of Etowah County. The jurisdictional ruling of that court, which included an express finding that the FTCA was not applicable, is now or will be

2

eventually subject to appellate review within the Alabama court system. This court cannot permit that order to be collaterally attacked in a case in which alleged tortfeasors seek the same exclusive controlling law that they have been denied. This complaint targets the doctors' patient who, for aught appearing, is innocent of any procedural or administrative shortcoming in the FTCA application process. This court is not set up to criticize or to sympathize with the bureaucratic nightmare the doctors describe unless it has the jurisdiction to do something about it. In light of the doctrine of sovereign immunity, clearly applicable to the federal defendants, this court is unwilling to try to straighten out the procedural mess that led to the denial of FTCA applicability, and will decline to do so by a separate order that will grant defendants' motions to dismiss.

The court does express the hope that the doctors will have better luck in the Eleventh Circuit this time than they did last time.

DONE this 29th day of August, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE